**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00075-GNS-HBB**

**KENNETH L. AGEE**                                                    **PETITIONER**

**VS.**

**SCOTT JORDAN, WARDEN**                                    **RESPONDENT**

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

Petitioner Kenneth L. Agee, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1). In compliance with the Court's order (DN 13)[1], Respondent Scott Jordan moved to dismiss Agee's petition as time barred (DN 22). Agee filed two responses (DN 25, 26), and Jordan filed a reply (DN 29). For the reasons set forth below, the undersigned recommends that Agee's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1) be **DENIED** and **DISMISSED** as time barred. Additionally, the undersigned does not recommend issuance of a Certificate of Appealability.

### FINDINGS OF FACT

On March 24, 2016, the Taylor Circuit Court entered a Judgment and Sentence on Plea of Guilty pertaining to Agee's conviction for attempted unlawful transaction with a minor under age 16, promoting a sexual performance by a minor under age 18, and third-degree felony assault

---

[1] The District Judge directed Respondent Scott Jordan to file an answer to the petition (DN 13). The District Judge also referred this matter to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(A) and (B) for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter (Id.).

(DN 22-2 PageID # 93-95). The Taylor Circuit Court sentence Agee to seven year's imprisonment, probated for five years (Id.; DN 22-3 PageID # 112). Agee concedes, and the Taylor Circuit Court docket confirms, that he did not appeal this judgment (DN 1-1 PageID # 30; DN 22-3 PageID # 112-113). Additionally, Agee indicates, and the Taylor Circuit Court docket confirms, that he did not file any applications for state post-conviction relief (DN 1 PageID # 31-32; DN 22-3 PageID # 112-117).

On April 22, 2020, Agee initiated this *pro se* action by filing a handwritten document indicating his intention to file a 28 U.S.C. § 2254 petition for writ of habeas corpus (DN 1, 5). In an order entered on June 17, 2020, the District Judge directed Agee to file his § 2245 petition on the Court's approved form within 30 days from the entry date of that order (DN 5). On June 30, 2020, Agee complied with the Court's order by placing the completed § 2254 petition in the prison mailing system (DN 1 PageID # 43). The Clerk of the Court received Agee's § 2254 petition on July 6, 2020 and attached it to DN 1 (DN 6).

## CONCLUSIONS OF LAW

### Statute of Limitations

A one-year statute of limitations applies to the § 2254 petition filed by Agee (DN 1). 28 U.S.C. § 2244(d)(1). The statute of limitations reads as follows:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). Here, the final judgment was entered on March 24, 2016, and Agee did not file a direct appeal. This means the one-year limitation period in § 2244(d)(1)(A) began to run when the time for Agee to seek a direct appeal expired. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012); Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 460-461 (2012). Notable, Rules 12.04(1), (2) and (3) of the Kentucky Rules of Criminal Procedure indicate a notice of appeal shall be filed no later than thirty days after the entry date of the judgment or order from which the appeal is taken. As the Clerk of the Taylor Circuit Court entered the final judgment on Thursday, March 24, 2016 (DN 22-2 PageID # 93), Agee's time for seeking a direct appeal expired on Monday April 25, 2016. This means on that the one-year period of limitation in § 2244(d)(1)(A) began to run on Tuesday, April 26, 2016.

Notably, § 2244(d)(2) provides that the limitations period is tolled while a "properly filed application for state postconviction or other collateral review with respect to the pertinent

3

judgment or claim is pending . . ."[2]  But Agee indicates, and the Taylor Circuit Court docket confirms, he did not file any applications for state post-conviction relief (DN 1 PageID # 31-32; DN 22-3 PageID # 112-117).  This means once the period of limitation in § 2254 (d)(1)(A) began on Tuesday, April 26, 2016, it ran uninterrupted by the tolling provision in § 2244(d)(2) until it expired one-year later on Wednesday, April 26, 2017.

As mentioned above, the Clerk of the Court received Agee's § 2254 petition on July 6, 2020 and attached it to DN 1 (DN 6).  Thus, the undersigned will treat Agee's § 2254 petition as having been filed on April 22, 2020.  But, as explained above, Agee's one-year period of limitation under § 2244(d)(1)(A) expired on Wednesday, April 26, 2017.  This means Agee filed his § 2254 petition approximately three years after the statute of limitations expired.  Thus, Agee's petition is time-barred and subject to summary dismissal.

Because § 2254's statute of limitations is not jurisdictional, it is subject to equitable tolling. *See* Dunlap v. United States, 250 F.3d 1001, 1007 (6th Cir. 2001).  The Supreme Court has instructed that a litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling."  McClendon v. Sherman, 329 F.3d 490, 494-95 (6th Cir. 2003)

---

[2] The tolling provision in § 2244(d)(2) does not resuscitate "the limitations period (*i.e.*, restart the clock at zero); it can only pause a clock that has not yet fully run."  Vorman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted).  Thus, "[o]nce the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  Id. (citations omitted).

4

(citation omitted). Here, Agee has, at best, made bare assertions regarding his innocence, a head injury, and his lack of knowledge about the one-year period of limitation and how to pursue post-conviction relief (DN 25, 26). This is not sufficient to demonstrate Agee has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented him from timely filing his federal habeas petition. Thus, Agee is not entitled to equitable tolling.

Additionally, the Supreme Court has held that actual innocence, if proved, serves as a gateway through which a petitioner may pass despite an expiration of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). However, the Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Agee merely makes a bare assertion of innocence, and his new evidence is two unidentified witnesses who will purportedly back his story (DN 1-1 PageID # 38; DN 25). But Agee has not explained why he is innocent, and he has not submitted statements or affidavits from these unidentified witnesses specifying what evidence they could provide in support of his claim of innocence. Essentially, Agee has made no effort to define and substantiate his claim of innocence. For this reason, this actual innocence gateway does not appear to be applicable to Agee.

In sum, Agee's action is untimely, and he has not demonstrated he is entitled to relief through either equitable tolling or the actual innocence gateway. Therefore, his § 2254 petition should be dismissed as time barred.

Certificate of Appealability

In <u>Slack v. McDaniel</u>, the Supreme Court established a two-pronged test that is used to determine whether a Certificate of Appealability should issue on a habeas claim denied on procedural grounds. 529 U.S. 473, 484-485 (2000). To satisfy the first prong of the <u>Slack</u> test, a petitioner must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." <u>Id.</u> at 484. To satisfy the second prong, a petitioner must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Notably, the Court need not conduct the two-pronged inquiry in the order identified or even address both parts if a petitioner makes an insufficient showing on one part. <u>Id.</u> at 485. For example, if the Court determines a petitioner failed to satisfy the procedural prong then it need not determine whether the constitutional prong is satisfied. <u>Id.</u>

For the reasons set forth above, jurists of reason would not find it debatable whether Agee's habeas petition is untimely and whether Agee is entitled to relief through either equitable tolling or the actual innocence gateway. Therefore, the undersigned does not recommend issuance of a Certificate of Appealability.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Agee's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1) be **DENIED** and **DISMISSED** as time barred. Additionally, the undersigned does not recommend issuance of a Certificate of Appealability.

March 18, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

## NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b)(1), the undersigned magistrate judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(2). If a party has objections, such objections must be timely filed, or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff=d, 474 U.S. 140 (1984).

March 18, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:   Kenneth L. Agee, *pro se*
          Counsel of Record